## THEODORE OLLESHEIMER & BROS. v. UNITED STATES.

(Circuit Court, S. D. New York. February 21, 1907.)

No. 3,642.

CUSTOMS DUTIES—CLASSIFICATION—BASKETS—"CHIP."

 Certain baskets *held* not to be manufactures of "chip," within the meaning of Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 449, 30 Stat. 193 [U. S. Comp. St. 1901, p. 1678].

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision below affirmed the assessment of duty by the collector of customs at the port of New York.

Comstock & Washburn (J. Stuart Tompkins, of counsel), for importers.

J. Osgood Nichols, Asst. U. S. Atty.

HOUGH, District Judge. The article under consideration consists of baskets which have been held by the Board of Appraisers to be "manufactures of willow," and therefore assessed under paragraph 206 of Tariff Act July 24, 1897, c. 11, § 1, Schedule D, 30 Stat. 168 [U. S. Comp. St. 1901, p. 1647].

The importers in this court rest their appeal upon the proposition that the chief component article of value in the baskets is "chip," and duty should therefore be levied under paragraph 449. This subject has been exhaustively considered in Re Zinn, G. A. 6,313 (T. D. 27,208), and it appears to me that the present appeal is an endeavor to relitigate the matter upon additional testimony, making the third time that the point has been presented for consideration, the decision above cited having itself overruled In re Zinn, G. A. 5,495 (T. D. 24,811).

The importers contend that "chip" is an article produced from a piece of willow or other appropriate wood, and is first split into two or more parts by an instrument called a splitter; that each of the pieces so produced is then passed through a "shaver," which removes

the pith adhering to the split willow; that on leaving the second instrument or machine the shaved pieces are passed through a "chipper," which removes the rough edges and produces a clean and flat wooden material of a uniform width. Having thus defined "chip," they contend that the articles under consideration have as their component of chief value chip, and are commercially known as being made of chip. This definition or description of chip is not supported by standard lexicographers, the word being defined as "wood, coarse straw, palm leaves, or similar material split into thin chips and made by weaving into hats and bonnets." (Century Dictionary).

The testimony relied on here to support the importers' claim of commercial usage affects me as the testimony in the later case of Zinn (first above referred to) affected the appraisers. It fails "to establish any uniform, definite, or general understanding thereof." It also fails to convince me that as to many of the exhibits submitted chip is the component article of principal value, even admitting the importers' definition of chip.

Failing, therefore, to find the necessary preponderance of proof, the decision of the collector and of the Board of General Appraisers must stand; and I therefore affirm it.